CLARK, J.
 

 The appellant challenges an order which imposed an administrative penalty and required the appellant to resume any necessary cleanup activity in connection with a polluting discharge. Asserting that it has limited financial means, the appellant argues that this should be considered together with the obligation to clean up the pollution. However, the appellant’s statutory responsibility for ameliorating the pollution it caused is not linked to the appellant’s financial status, and the appellant has not shown any basis upon which it may avoid this statutory responsibility.
 

 The appellant owned and operated a gas station where petroleum ground contamination was discovered. The contamination was reported to the appellee Department of Environmental Protection, and the appellant began cleanup activities as required under section 376.305, Florida Statutes. After an extensive delay, the appellant submitted a Site Assessment Report, as mandated by Florida Administrative Code Rule 62-770.600(7). That report was incomplete, and the Department notified the appellant that an addendum was required, as specified in rule 62-770.600(11). After some additional delay, the appellant declined to file the addendum, and did not undertake further cleanup activities. The Department subsequently issued a notice of violation, and the matter proceeded to a hearing before an administrative law judge. The judge thereafter entered the order now on appeal, finding that the appellant violated rule 62-770.600, and imposing an administrative fine while ordering the appellant to complete the site assessment and resume any required cleanup of the contamination.
 

 The appellant maintained below, and continues to assert on appeal, that it cannot afford to comply with these requirements. The appellant argues that the Department should have to consider the appellant’s financial status together with the liability and obligations imposed un
 
 *859
 
 der the statutes and rules. This argument is based on section 376.303(l)(i), Florida Statutes, which pertains when the Department arranges for the removal of a contaminating pollutant, and which provides for the Department to pursue the recovery of such expenses and costs from the responsible party “unless it finds the amount involved too small or the likelihood of recovery too uncertain.” The appellant acknowledges that the Department did not arrange such cleanup in this case, and instead sought to compel the appellant to undertake that activity. The appellant nevertheless argues that this statutory provision with regard to the recovery of expenses and costs should extend to the present situation, and that the Department should be required to consider the appellant’s financial status as impacting the appellant’s ability to comply with its obligations under the pertinent statutes and rules.
 

 The appellant’s argument asks this court to extend the provisions of section 376.303(l)(i) to a situation which is outside the ambit of that statute, and where the legislature has not created such an exception from the responsible party’s obligations and liability for a polluting discharge. The statutes and rules give the Department a variety of options to pursue when there has been a polluting discharge or a violation of the responsible party’s obligations in connection with such contamination. Among other options, the Department may choose to pursue an administrative remedy as it did in the present case,
 
 see
 
 section 403.121(2), Florida Statutes, or may file a civil action to enforce compliance, section 403.121(l)(b), or may itself arrange for the removal of the pollutant.
 
 See
 
 § 376.305(2), Fla. Stat. It is only in the latter situation, where the Department arranges for the removal of the pollutant, that section 376.303(l)(i) provides for the Department to pursue recovery of those expenses and costs “unless it finds the amount involved too small or the likelihood of recovery too uncertain.” That provision has no applicability in this instance, where the Department pursued the administrative remedy under section 403.121(2).
 

 In addition to proceeding against the appellant, the Department filed an action against the appellant’s insurer — which had denied coverage for this incident — and the appellant filed suit against its insurer. The appellant suggests that the present case might be held in abeyance until those lawsuits are resolved. However, the appellant’s responsibilities are not dependent on the availability of insurance, and the proceeding in the present case was properly brought against the appellant in accordance "with section 403.121(2).
 

 AFFIRMED.
 

 VAN NORTWICK and MARSTILLER, JJ., concur.